MARK S. POSARD (SBN: 208790)
DANIEL D. O'SHEA (SBN: 238534)
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402
mposard@grsm.com
doshea@grsm.com

Attorneys for Defendant
MOTEL 6 OPERATING L.P.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA TYHURST,<br><br>    Plaintiffs,<br><br>vs.<br><br>MOTEL 6 OPERATING L.P.; and DOES 1 TO 50,<br><br>    Defendants. | CASE NO. 2:19-CV-00576-JAM-EFB<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>[Local Rule 143] |

In order to protect confidential information obtained by the parties in connection with this case, the parties, by and through their respective undersigned counsel and subject to the approval of the Court, hereby agree as follows:

**Part One: Use Of Confidential Materials In Discovery**

1.    Any party or non-party may designate as "Confidential Information" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, client information subject to a non-disclosure agreement, including personal financial information about any party to this lawsuit, putative class

-1-
STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

members or employee of any party to this lawsuit, information regarding any individual's banking relationship with any banking institution, including information regarding the individual's financial transactions or financial accounts, and any information regarding any party not otherwise available to the public, subject to protection under Local Rule 141, FRCP 5.2, and FRCP 26. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a party or non-party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential Information." Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. A party that makes original documents or materials available for inspection need not designate them as Confidential Information until after the inspecting party has indicated which materials it would like copied and produced. During the inspection and before the designation and copying, all of the material made available for inspection shall be considered Confidential Information.

-2-
STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

3. All Confidential Information produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case. Confidential Information shall not be used for any commercial competitive, personal, or other purpose.

4. Except with the prior written consent of the other parties, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information, and provided that if the party chooses a consultant or expert employed by the defendant or one of its competitors, the party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

(e) any authors or recipients of the Confidential Information;

(f) the Court, court personnel, and court reporters;

-3-
STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

(g) witnesses (other than persons described in Paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Model Confidentiality Agreement and Order Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to Paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies; and

(h) Adjusters and/or insurance representatives necessary for the adjusting of the loss.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed. If a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

6. ~~In connection with discovery proceedings as to which a party submits Confidential Information, all documents and chamber copies containing~~

-4-
STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

1  ~~Confidential Information which are submitted to the Court shall be filed with the~~
2  ~~Court in sealed envelopes or other appropriate sealed containers. On the outside of~~
3  ~~the envelopes, a copy of the first page of the document shall be attached. If~~
4  ~~Confidential Information is included in the first page attached to the outside of the~~
5  ~~envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL"~~
6  ~~shall be stamped on the envelope and a statement substantially in the following~~
7  ~~form shall also be printed on the envelope:~~

8  ~~"This envelope is sealed pursuant to Order of the Court, contains~~
9  ~~Confidential Information and is not to be opened or the contents~~
10 ~~revealed, except by Order of the Court or agreement by the parties."~~

11 Without written permission from the Designating Party or a court order
12 secured after appropriate notice to all interested persons, a Party may not file in the
13 public record in this action any Protected Material.  Protected Material may only
14 be filed under seal pursuant to a court order authorizing the sealing of the specific
15 Protected Material at issue.  However, the designation of material as confidential,
16 without more, is insufficient to obtain a sealing order.  Any party that seeks to file
17 Protected Material under seal must comply with Local Rule 141, which governs
18 motions for a sealing order.  As provided in Local Rule 141, a sealing order will
19 issue only upon a request establishing that the Protected Material at issue is
20 privileged, protectable as a trade secret, or otherwise entitled to protection under
21 the law.  Further, the briefing on the motion for a sealing order shall address U.S.
22 Supreme Court and Ninth Circuit standards for whether the material may be filed
23 under seal. Regardless of which party files the motion for a sealing order, the party
24 that designated the material as confidential shall file a brief addressing those
25 standards, and shall have the burden of establishing that the Protected Material
26 should be filed but not made publicly available.

27 If another court or administrative agency subpoenas or orders production of
28 Confidential Information, such party shall promptly notify counsel for the party

1 who produced the material of the pendency of such subpoena or order and shall furnish counsel with a copy of said subpoena or order.

7. A party may designate as "Confidential Information" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential Information, although a document may lose its confidential status if it is made public. If a party produces materials designated Confidential Information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty (20) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

(c) the Court rules the material is not Confidential Information.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

**Part Two: Use of Confidential Materials in Court**

The following provisions govern the treatment of Confidential Information ~~used at trial~~[1] or submitted as a basis for adjudication of matters other than discovery motions or proceedings. These provisions are subject to Local Rule 141, FRCP 5.2, and FRCP 26 and must be construed in light of those Rules.

12. A party that files with the Court, ~~or seeks to use at trial,~~ materials designated as Confidential Information, and who seeks to have the record

---

[1] Any agreement concerning the use of evidence at trial must be addressed in a separate stipulation and submitted for the assigned district judge's review.

-7-
STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

1 containing such information sealed, shall submit to the Court a motion or an application to seal, pursuant to Local Rule 141.

13. A party that files with the Court, or seeks to use at trial, materials designated as Confidential Information by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply with the following requirements: At least five (5) calendar days prior to the filing or use of the Confidential Information, the submitting party shall give notice to all other parties, and to any non-party that designated the materials as Confidential Information pursuant to this Order, of the submitting party's intention to file or use the Confidential Information, including specific identification of the Confidential Information. Any affected party or non-party may then file a motion to seal, pursuant to Local Rule 141.

14. In connection with a request to have materials sealed pursuant to Paragraph 12 or Paragraph 13, the requesting party's declaration shall contain sufficient particularity with respect to the particular Confidential Information and the basis for sealing to enable the Court to make the findings required by Local Rule 141.

IT IS SO STIPULATED.

Dated: March 4, 2020
GORDON REES
SCULLY MANSUKHANI, LLP

By: /s/ Daniel D. O'Shea
Mark S. Posard
Daniel D. O'Shea
Attorneys for Defendant
MOTEL 6 OPERATING L.P.

Dated: March 4, 2020          LAW OFFICES OF GENE J. GOLDSMITH

By: /s/ Aaron M. Goldsman, Esq.
Attorneys for Plaintiff
ROSA TYHURST

# [~~PROPOSED~~] ORDER RE PARTIES' STIPULATED PROTECTIVE ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: March 12, 2020

_____
JUDGE OF THE DISTRICT COURT

## **CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Regarding Confidential Information filed on _____, 2020, in *Tyhurst v. Motel 6 Operating L.P., et al.,* United States District Court for the Eastern District of California Case No. 2:19-CV-00576-JAM-EFB ("Order"). I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the Sacramento County Superior Court for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of _____, 2020, at _____.

By: _____

Address: _____

_____

Phone: _____